Ronnie Bass

v.

State of Texas

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

NOV 12 2015

**Abel Acosta, Clerk**

PD#PD-0721-15

**721-15**

In the Court
of criminal Appeals
Austin, TX

1

FILED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta, Clerk

MOTION FOR REHEARING

ORIGINAL

Comes now, Ronnie Bass, petitioner, and files this his motion for rehearing on the Court decision to refuse petitioners filed descretionary review, and in support shows the following:

1. On May, 28th, 2015 the 5th Court of Appeals affirmed his conviction in COA 05-13-00518-CR for the offense of Capital Murder.

2. On August, 28th, 2015 the Court of Criminal Appeals filed descretionary review over this opinion.

3. On November, 4, 2015, the Court of criminal appeals refused descretionary review.

4. In light of the Courts decision in Snowden v state 353 S.W.3d 815 (Tex Crim App.2011) he asks Court to rehear his petition for discretionary review due this courts holding "harmless error should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether "beyond a reasonable doubt" error did not contribute to the conviction or punishment

5. It is apparent from the record in this case that his search and seizure claim over his cellphone text was not harmless because the record showed his cell phone records were the only ones to be published + admitted authentically to go before the jury. No new independent sources of text messages were entered before the jury. Because the Court of Appeals incorrectly reviewed this matter the court should grant Discretionary Review.

6. Petitioner urges the court to review the facts of this case in concurrence with the proper harm analysis as set forth in Tex R App 44.2a and Snowden v state ID.

7. Petitioner asserts he files this motion in good faith and that the substantial intervening circumstance of not having access at the time to Snowden v. State Rd prevented him from citing the proper harm analysis in his case and ~~this~~ this motion is not made for delay.

Wherefore premises considered petitioner prays the Court <u>Grant</u> this motion for rehearing an <u>Grant</u> his petion for discretionary review in this case.

Respectfully submitted

Ronnie Bass 1848111

Robertson Unit

12071 fm 3522

Abilene, TX 79601

Substantial Intervening Circumstances

In Concurrence with Tex R. App I affirm under Rule 79.2(c) this motion is made in Good faith and not for delay. The substantial intervening circumstances that prevented me from citing the proper harm analysis standard under Snowden v. State 353 s.w.3d 815 [ Tex Crim Appeal] is that my law library did not have this case in book format. All new cases after 2007 you have to have printed out from the computer. My law library limits us to 3 snapped citations or cases a day. When I found this case in it was past the ~~time~~ time to include it in my already filed PDR.

The above ~~for~~ foregoing is true and correct to the best of my

knowledge

Dated this day 9 of November, 2015

Ronnie Bass 1848111

Robertson Unit

12071 FM 3522

Abilene, TX 79601

## Certificate of service

I HEREBY CERTIFY that, pursuant to Rule 9.5 and 68.11 of the Texas Rules of Appellate procedure a true and correct copy of this motion for rehearing has been sent by first class mail to the state prosecuting attorney at P.O. Box 13046, Austin, TX 78711 and the Dallas county DA, Craig watkins, at, 133 N. River front Blvd, LB 19, Dallas, TX 75207, on this 9 day of November, 2015

Ronnie Bass 1848111

Pro se.